TALLAHATCHIE COUNTY *v.* JOSIAH M. LITTLE ET AL.

[46 South., 257.]

COUNTIES.  *Statute of limitations.   Constitution 1890, sec. 104.   Taxation.   Redemption from tax sale.   Code 1892, § 3823.   Code 1906, § 4338.*

Code 1892, § 3823 (Code 1906, § 4338), allowing two years for redemptions from tax sales, is not a statute of limitations within Constitution 1890, sec. 104, exempting the state, counties, etc., from the operation of statutes of limitations; and a county cannot redeem from a valid tax sale after the expiration of the time allowed therefor by the statute.

FROM the chancery court of Tallahatchie county.

HON. PERCY BELL, Chancellor.

Tallahatchie county, the appellant, was complainant in the court below and Little, and others, appellees, were defendants there.   From a decree in favor of defendants dismissing the bill, complainant appealed to the supreme court.

The question in this case was whether the county had the right to redeem land from a tax sale more than two years after the sale.   The county bought the land at a trustee's foreclosure sale to satisfy a loan made by it prior to the tax sale.   In 1901,

one Morgan borrowed of the county $222 of the sixteenth section school funds, giving therefor a series of promisory notes, the last one maturing in January 1903. To secure the notes he executed a deed of trust, on eighty acres of land owned by him in the county. After maturity of the said indebtedness the land was sold in March, 1903, by the tax collector of the county for the delinquent taxes of the preceding year, 1902, and Dinkins Caldwell, appellee, became the purchaser at said sale and a tax collector's deed to the land was duly executed and filed with the clerk of the chancery court of the county as required by law. Dinkins Caldwell, the tax purchaser, afterwards sold the land to the appellee, Little. In November, 1903, Morgan's indebtedness remaining unpaid, the deed of trust was foreclosed; and at the foreclosure sale the county, in self protection, bid in the land and received a deed thereto from the trustee. No attempt was made, within the statutory two years' time after the tax sale, to redeem the land; but after the expiration of the two years' period the county demanded to redeem the land from the tax sale, and began this suit to redeem from Little's tax title.

The chancellor's opinion was as follows:

"The sole issue in this cause is whether the county had the right to redeem from a tax sale, after the two years, period of redemption expired, land which it had *in interim* bought in at a trustee's sale to protect a loan made by it on the land prior to the tax sale. The land being that of an individual, upon which land a loan was made, was subject to taxes and sale and the loan by the county did not relieve the land of this burden. As the sale itself is not attacked here, the court assumes that it was regular and valid. Such being the case, the purchaser at the tax sale took the land free from all incumbrances, subject to redemption by the land-owner, or by the county to protect its interests.

"The court is unable to perceive that, by virtue of the purchase by the county at the trustee's foreclosure sale, the land was relieved from its previously imposed burden. While it became thereby public land, and if it had not been sold for taxes,

would have been exempt, it was at the time of the trustee's fore-closure sale already sold for taxes, and was the property of an-other party. The rights of the county were acquired subject to the tax sale, and the immunities of the county could not at-tach to or affect this land.

"The two years allowed by statute for redemption of lands (Code 1892, § 3823; Code 1906, § 4338) constitute a period of grace, a privilege time, so to speak, and not a limitation, within the meaning of the constitution of 1890, sec. 104. Code 1892, § 3823 (Code 1906, § 4338) is therefore not such a stat-ute of limitation as does not run against a county, but a statute which confers a privilege of redemption to avoid a tax sale, which privilege could have been exercised if the county had so desired. As the county did not so exercise it, the tax title ma-tured and was perfected."

*C. H. Broome,* for appellant.

Statutes of limitation do not run against the state or any sub-division thereof. Constitution of 1890, sec. 104. This sec-tion was in operation when the land was sold for taxes and when the land became, under foreclosure proceedings, the property of Tallahatchie county; and consequently it precluded any stat-ute of limitation from operating against the county.

Code 1892, § 3823 (Code 1906, § 4338) is as much a statute of limitation, though it may not be called by that name, as are the statutes classified under the general chapter on limitations in the code.

To put the construction on Code 1892, § 3823, enunciated by the chancellor, would be to deprive the county of its property and cause a loss of the county's school funds, solely because of the carelessness and dereliction of certain of the county's pub-lic officers.

As soon as the land became the property of the county, which was six months after it was sold for taxes and eighteen months before the statute of limitations imposed in such cases had cut off the right of the original owner to redeem, the county had

the right at any time after such purchase to redeem the property. For Code 1892, § 3823, as a statute of limitation, does, not run against the county or state.

*Dinkins & Caldwell,* for appellee.

It is the policy of the state to give security to tax titles, and it would be against such policy for any construction of the statutes to be allowed which would reserve to the state or to a county any property rights at a tax sale, which could not be claimed and exercised by an individual.

It cannot be said that Code 1892, § 3823 allowing a period of two years for redemption of land from a tax sale, is a statute of limitation as generally understood and contemplated by constitution 1890, sec. 104.

When Tallahatchie county bought the land at the trustee's foreclosure sale, it took title to the land subject to the conditions upon which the mortgagor, Morgan, held it. In other words, the county took the mortgagor's place, and was under the same obligation and subject to the same conditions respecting the land, as the mortgagor would have been had he retained the land.

Code 1892, § 3746 provides that the taxes upon land shall be entitled to preference over all other incumbrances upon the land. Hence the county cannot say that the lien for taxes did not take preference over its mortgage lien. If the land was taxable at all, it was taxable in the same manner as other lands and subject to the same provisions of law for enforcement of payment. Constitution 1890, sec. 104 can have no application here.

WHITFIELD, C. J., delivered the opinion of the court.

Code 1892, § 3823 (Code 1906, § 4338), allowing two years for redemption of land from a tax sale, is not a statute of limitation, within the meaning of the state constitution of 1890, Sec. 104.

*Affirmed.*